No. 1921
Second Circuit Appeal

---

McCASKEY REGISTER COMPANY v.
W. E. WARD

---

(Jan. 12, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 114.**

An allegation by defendant that a device, machine and safe is totally defective and insufficient is a sufficient allegation under which to prove that as a defense.

2. **Louisiana Digest—Pleading—Par. 114; Bills and Notes—Par. 225.**

An allegation that there is a failure in the consideration of a contract in which notes were given is sufficient to allow legal evidence to show failure of consideration of these notes sued on.

3. **Louisiana Digest—Judgment—Par. 51.**

Where the evidence shows that device, machine and safe sold was defective, a judgment of non-suit reserves the right to plaintiff to replace the defective machine and then again enter suit for the purchase price.

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of LaSalle. Hon. F. E. Jones, Judge.

REYNOLDS, J.

Action by McCaskey Register Company on promissory note.

Defendant pleads failure of consideration.

There was judgment rejecting plaintiff's demand as of non-suit.

Plaintiff has appealed.

Judgment affirmed.

Thornhill & Thornhill, Columbia, La., attorneys for plaintiff, appellant.

Perrin & Perrin of Jena, La., attorneys for defendant, appellee.

The plaintiff in the case earnestly insists that defendant, by his answer, has cut himself off from every defense other than that plaintiff had sold him a fireproof safe.

In this contention we cannot concur for we find in defendant's answer the following allegations.

(Par. 1)    That the note sued on was given for device, machine and safe.    That it is not as represented, but on the contrary is totally defective and insufficient and does not fill the conditions of the warranty given your petitioner by the defendant at the time that it was sold.

(Par. 2)    Defendant alleges that he owes the plaintiff nothing because of the failure of the consideration in the contract of sale upon which the said note is based.

These allegations in defendant's answer, open the door, we think, for the admission of any legal evidence tending to show failure of consideration of the notes sued on.

The District Judge who tried this case has filed in the record a well considered written opinion in which he holds that plaintiff cannot recover on a note given for a machine or safe that was totally unfit for the purpose for which it was sold at the time it was delivered, and has so remained up to the time of trial of the case.

The evidence of the defendant (T. Page 1) is to the effect there was a serious defect in the machine at the time to was delivered. That plaintiff at defendant's request sent a mechanic to repair same in accordance with the terms of the contract under which the machine or safe was sold. That said mechanic did not remedy said defect but actually made it worse.

The plaintiff introduced in evidence the printed contract, that shows the consideration for which the note sued on was given. This contract gives the defendant a guarantee that "All defects in manufacture will be made good for one year from date of invoice". This truly, in view of the many iron clad obligations and waivers placed upon the defendant under the terms of said contract is a slender guarantee, but it is sufficient to shield defendant in this case, for the evidence shows conclusively that the machine sold to defendant came to him in a defective condition, rendering it wholly unfit for the use for which it was bought.

From defendant's evidence (T. page 10) we quote:

Q. What, if any, defects had the machine at the time you received it?

A. Well there was a little nut that comes over the hook like this, so the bolts came out and the hook was not in there.

Q. The bolt was not in the machine?

A. No sir, there was none in there. It was not put in there, it could not have gotten out, and if it had it would have been there when we opened it.

This evidence is not disputed and under this evidence it is clear that there was a "defect in the manufacture" from which defendant is fully protected under the very letter of plaintiff's founded contract.

The evidence fully shows that this defect still exists.

The District Court dismissed the plaintiff's suit as of non-suit, stating in his opinion that when plaintiff replaced the defective machine with complete one, or made good the defect in the old one, he in a position to collect the note sued on, would be in, but not otherwise.

The decision of non-suit in effect, reserves to the plaintiff all his right, and the defendant has not moved for an amendment; and this court is without authority to change the judgment as to defendant; it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at plaintiff's cost.